STEVEN G. KALAR
Federal Public Defender
DANIEL P. BLANK
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant TAFOLLA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ZENON TAFOLLA,<br><br>　　　　Defendant. | No. CR 15-0231 CRB<br><br>DEFENDANT'S SENTENCING MEMORANDUM<br><br>Honorable Charles R. Breyer<br><br>August 26, 2015<br>10:00 a.m. |

SENTENCING MEMORANDUM

**INTRODUCTION**

In this first-offense illegal reentry case, the U.S. Probation Officer correctly calculates the advisory U.S. Sentencing Guidelines range for Defendant Zenon Tafolla to be 24 months, which is the statutory maximum sentence applicable to him, and recommends that the Court impose that statutory maximum sentence, even though Mr. Tafolla was brought to this country at age ten, he has only one prior felony conviction, he has never before served such a lengthy sentence, and he will certainly be deported after completing his term of imprisonment. Instead, Mr. Tafolla respectfully requests that the Court sentence him under the factors of 18 U.S.C. § 3553(a) to "time served," which amounts to over five months.

**BACKGROUND**

Mr. Tafolla, now 25 years old, was brought to the United States from Mexico at age ten, three years after his mother emigrated with his sister. PSR ¶¶ 51, 54. His father had long before left Mexico for California in order to better support the family. *Id.* ¶ 53. The small town in Mexico where Mr. Tafolla grew up was controlled by a drug cartel and as a child he was exposed to multiple acts of violence, including seeing people getting shot. *Id.*

Mr. Tafolla attended schools in the San Rafael area through high school and is fluent in both English and Spanish. *Id.* ¶¶ 66-67. Unfortunately, starting at around age thirteen, Mr. Tafolla fell under the influence of a gang in the area and began abusing alcohol and drugs. *Id.* ¶¶ 58-59, 61, 64; *see also id.* ¶¶ 33-46. Mr. Tafolla had first tried alcohol as a "little kid" as "a cultural thing." *Id.* ¶ 64. He subsequently tried marijuana at age thirteen, after being introduced to it by his friends. *Id.* Mr. Tafolla then used marijuana daily throughout his life. *Id.* At age fourteen, Mr. Tafolla was first exposed to cocaine, and for approximately two years he used it on the weekends. *Id.* Then, at age seventeen, Mr. Tafolla first tried methamphetamine and he became addicted to it. *Id.* Mr. Tafolla's sister believes that his alcohol and drug abuse was to self-medicate a mental health issue. *Id.* ¶ 59. However, Mr. Tafolla has never received any drug treatment or mental health counseling. *Id.* ¶¶ 63, 65.

Mr. Tafolla has a total of three prior convictions – two misdemeanors and one felony – all from when he was age twenty. In June 2010, he was convicted of a misdemeanor threat,

SENTENCING MEMORANDUM            1

resulting from an incident when his mother refused to allow him to enter their home with friends she believed were gang associates. *Id.* ¶ 27. He was sentenced to 36 moths probation. *Id.* Then, in August 2010, he was convicted of misdemeanor petty theft for attempting to steal a twelve-pack of beer, and was sentenced to 24 months probation with thirteen days jail. *Id.* ¶ 28. He was thereafter deported in October 2010. *Id.* ¶ 8. Finally, in December 2011, Mr. Tafolla was convicted of possessing methamphetamine with intent to distribute in Georgia, where he had moved with his family. *Id.* ¶ 29. The PSR reflects sentences on this offense of both six years probation and four years "confinement," which suggests that the term of incarceration may have been a suspended sentence. *Id.*[1] In any event, Mr. Tafolla could not have been in custody for more than one year after sentence was imposed in that case, because he was deported in December 2012. *Id.* ¶ 8. He was also deported in July 2014. *Id.* Mr. Tafolla was thereafter discovered by immigration authorities in the Marin County Jail in April 2015 on a charge of being under the influence of methamphetamine. *Id.* ¶¶ 4, 8, 47. Specifically, Mr. Tafolla had been found on March 14, 2015, in a dump truck in San Rafael shirtless, covered in gasoline, and yelling incoherently. *Id.* ¶ 47. That methamphetamine use charge was dismissed in favor of the instant federal prosecution for illegal reentry after deportation. *Id.*

During the times that Mr. Tafolla was deported to Mexico, his methamphetamine use worsened, and he became suicidal. *Id.* ¶¶ 63-64. Specifically, Mr. Tafolla attempted suicide based upon the fear that he would be tortured or killed. *Id.* ¶ 63.

**ARGUMENT**

Although the advisory U.S. Sentencing Guidelines recommend a sentence of 24 months imprisonment, which is the statutory maximum penalty applicable in this case to Mr. Tafolla, the Court should instead sentence him under the factors of 18 U.S.C. § 3553(a) to a term of imprisonment of "time served," which amounts to over five months of continuous custody since his arrest on March 14, 2015.

---

[1] If the sentence was suspended, then Mr. Tafolla could be in Criminal History Category III, rather than IV, depending on how much was suspended, *see* U.S.S.G. § 4A1.2(b)(2), but this would not affect the advisory guideline range of 24 months.

Mr. Tafolla was brought to this country by his family as a young child, and he went to school in the San Rafael area. Unfortunately, he became involved with drugs and a gang, possibly as a result of mental health issues. In this context, Mr. Tafolla's actual criminal history is relatively minor, with just two misdemeanors and one felony, for possessing methamphetamine with intent to distribute, all occurring when he was just twenty years old. Although the precise terms of the sentence imposed on the methamphetamine felony are not entirely pellucid, it is clear at a minimum that Mr. Tafolla has never served a sentence as long as the 24 months recommended here.

Mr. Tafolla now understands that he can never return to the United States, even though virtually his entire family is here. This permanent exile from the country he has called home since age ten will itself constitute serious punishment in addition to whatever term of imprisonment is imposed by this Court up to the statutory maximum penalty of 24 months. Having already served five months in custody that will be counted toward such a sentence in this case, there does not appear to be any penological justification for simply warehousing Mr. Tafolla in federal prison – where he was will receive no drug or alcohol treatment on account of his undocumented status – for up to an additional nineteen months prior to deporting him, as recommended here by the U.S. Probation Officer.

**CONCLUSION**

For the aforementioned reasons, the Court should sentence Mr. Tafolla to a term of imprisonment of "time served."

Dated: August 19, 2015

                                            Respectfully submitted,

                                            STEVEN G. KALAR
                                            Federal Public Defender

                                            /s/
                                            _____
                                            DANIEL P. BLANK
                                            Assistant Federal Public Defender