MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

SCOTT D. JOINER (CABN 223313)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7027
    scott.joiner@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 15-0231-CRB |
| Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | Sentencing Date: August 26, 2015 |
| ZENON TAFOLLA, | Time: 10:00 a.m. |
| Defendant. | Judge: Hon. Charles R. Breyer |

## I. INTRODUCTION

The defendant, Zenon Tafolla, stands before the Court to be sentenced following his guilty plea to the sole charge of the captioned Indictment, charging him with illegal reentry into the United States in violation of 8 U.S.C. § 1326. The defendant entered his plea on June 10, 2015. The government submits the following sentencing memorandum to advise the Court of its Sentencing Guidelines calculation, its position regarding the final presentence report ("PSR"), and the government's sentencing recommendation.

The government agrees with the U.S. Probation Officer that the adjusted offense level is 21 and that the correct Criminal History Category (CHC) is IV. Accordingly, the government agrees with the Probation Officer's recommended sentence of 24 months' imprisonment. The government further concurs with the Probation Officer's recommendation that the defendant pay a $100 special assessment and that no fine should be imposed. As recommended in the PSR, the defendant should also be subject to a search condition.

## II. THE DEFENDANT'S OFFENSE CONDUCT (PSR ¶¶ 5-9)

The defendant is an admitted Sureño gang member who has threatened to kill numerous individuals (including his own mother) and has previously been deported or removed four times: on October 1, 2010; December 22, 2012; July 15, 2014; and July 21, 2014. (PSR ¶¶ 8, 27, 38, 43, 46, 58.) He most recently came to the attention of Immigration and Customs Enforcement after the San Rafael Police Department responded, on March 14, 2015, to reports of an individual hitting vehicles in the carport area of 211 Canal Street. The responding officer discovered the defendant covered in gasoline, shirtless, and yelling incoherently. (*Id.* ¶ 47.) After his arrest, the defendant admitted to Immigration and Customs Enforcement agents that he had returned to the United States illegally. (*Id.* ¶ 8.)

## III. SENTENCING GUIDELINES CALCLATIONS

The Sentencing Guidelines calculation for the defendant's offense level is as follows:

    a.    <u>Base Offense Level</u>:    8
          (U.S.S.G. § 2L1.2(a))

    b.    <u>Specific Offense Characteristics</u>:    +16
          (Defendant previously deported after a conviction
          for a felony drug trafficking offense for which the
          sentence exceeded 13 months. U.S.S.G. § 2L1.2(b)(1)(A))

|   |   |   |   |
|---|---|---|---|
| | c. | Acceptance of Responsibility:<br>(U.S.S.G. § 3E1.1(a), (b)) | -3 |
| | d. | Adjusted Offense Level: | 21 |

The government concurs with the calculation of U.S. Probation that the defendant's prior felony and misdemeanor convictions score him 5 criminal history points, resulting in a Criminal History Category of IV. The Guidelines range for an offense level of 21 and CHC IV is 57-71 months. However, because the defendant was charged in the Indictment with a removal date that preceded his felony drug trafficking conviction (rather than one of his later deportation/removal dates after the conviction), the higher statutory maximum under 8 U.S.C. § 1326(b)(2) does not apply and instead the applicable statutory maximum is limited to 24 months pursuant to 8 U.S.C. § 1326(a). *See United States v. Guerrero-Jasso*, 752 F.3d 1186, 1191 (9th Cir. 2014).

## IV.    DISCUSSION

### A.    Applicable Law

Section 3553(a) directs courts to consider a number of factors in determining an appropriate sentence. In this case, these factors indicate that a sentence of 24 months is sufficient, but not greater than necessary, to achieve the goals of sentencing. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The key factors are the nature and circumstances of the offense and the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1), the need to afford adequate deterrence to criminal conduct, *id.* § 3553(a)(2)(B), and the need to protect the public from further crimes of the defendant *id.* § 3553(a)(2)(C).

Although the Supreme Court's decision in *Booker* rendered the Sentencing Guidelines advisory, the Guidelines still remain the "starting point and initial bench-mark" for sentencing. *Kimbrough v. United States*, 552 U.S. 85, 108, (2007) (internal quotation marks and citation omitted); *see Carty*, 520 F.3d at 991 (en banc); *United States v. Ellis*, 641 F.3d 411, 415 (9th Cir. 2011). While there is no presumption of reasonableness for a Guidelines range sentence, if a district judge "decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Carty*, 520 F.3d at 991-992 (citing *Gall v. United States*, 552 U.S. 38, 50, (2007)); *see also United States v. Munoz-*

*Camarena*, 631 F.3d 1028, 1030 (9th Cir. 2011) ("district court must start with the recommended Guidelines sentence, adjust upward or downward from that point, and justify the extent of the departure from the Guidelines sentence."). As the Supreme Court recognized in *Gall*, "a major departure should be supported by a more significant justification than a minor one." 552 U.S. at 50. Finally, "[a]s a general rule, the preponderance of the evidence standard is the appropriate standard for factual findings used for sentencing." *United States v. Armstead*, 552 F.3d 769, 777-78 (9th Cir. 2008); *see, e.g.*, *United States v. Treadwell*, 593 F.3d 990, 1001 (9th Cir. 2010).

> **B.    Sentencing the Defendant to 24 Months' Imprisonment Would Vindicate the Interests Set Forth in 18 U.S.C. § 3553(a).**

U.S. Probation recommends a Guidelines sentence of 24 months. The government agrees that such a sentence would be sufficient, but not greater than necessary, to achieve the goals of sentencing. There are several considerations that strongly support Probation's and the government's recommendations. Chief among them are the need to provide adequate deterrence and just punishment.

As noted in the PSR, the defendant is an admitted Sureño gang member who has threatened to kill numerous individuals (including his own mother) and has previously been deported or removed from the country four times: on October 1, 2010; December 22, 2012; July 15, 2014; and July 21, 2014. (PSR ¶¶ 8, 27, 38, 43, 46, 58.) The defendant has not been deterred by multiple removals, most notably reentering the United States in July 2014 and being removed (again) less than a week after his third removal.

During his time in the United States, and despite his young age, the defendant has also amassed an extensive and troubling criminal history. (PSR ¶¶ 27-47; PSR at 20 (PSR Sentencing Recommendation).) For example, on April 19, 2010, the defendant was arrested and later convicted for threatening to shoot and kill his mother when she refused to allow him and fellow Sureños into the family home. (PSR ¶ 27.) Later that year he was arrested and his probation revoked after police responded to reports that the defendant was breaking car windows and "chasing random people, threatening to kill them." (*Id.* ¶ 43). While in jail, the defendant again resorted to threatening behavior, writing a note that stated in part, "Dear commissary lady… Keep fucking with me and you all gonna die on the day of death, the Mexican holiday putos, Mexican Mafia fuck you white people." (*Id.* ¶ 46.) His previous

history as a juvenile is consistent with these incidents, and includes several gang related assaults as well as weapons possession. (*Id.* ¶¶ 33, 35, 37.) The defendant fared no better after he moved to Georgia, where he was convicted of possession with intent to distribute methamphetamine, sentenced to six years' probation, four year's confinement, and deported after serving approximately one year in prison. (*Id.* ¶ 29)

The defendant's conduct is all the more troubling because, as admitted by the defendant and reported in the PSR, the defendant has a "close-knit" family and was "raised in a supportive household." (PSR ¶¶ 53-54; PSR at 21 (Sentencing Recommendation).) However, despite the support of his family, multiple encounters with the criminal justice system from a young age, and corresponding opportunities to reform, the defendant's criminal conduct has continued unabated and undeterred. Indeed, the details of the defendant's criminal conduct demonstrate a continuing and remarkable disregard for the law. Not only has the defendant illegally reentered the United States five times, but his interactions with the criminal justice system repeatedly demonstrate an unyielding lack of remorse and complete disrespect for the law and those charged with enforcing it. (*See, e.g.*, PSR ¶¶ 8 (four previous removals or deportations), 12 (no statement of acceptance of responsibility received from the defendant); 39 (mask placed on defendant because he was spitting on officers), 45 (defendant flooded his cell, exposed and grabbed his genitals, and then told staff to "suck it" when confronted).)

All of the facts above support a sentence of 24 months' imprisonment.

## V.   CONCLUSION

Accordingly, in full consideration of the defendant's history, characteristics, and the goals of sentencing, the government respectfully requests that the Court sentence the defendant to 24 months in prison. Given the defendant's ongoing disregard for the law, multiple removals, and unrepentant Sureño gang affiliation, a sentence of 24 months' confinement is sufficient, but not greater than necessary, to achieve the twin goals of deterrence and just punishment.

DATED: August 19, 2015               Respectfully submitted,

                                     MELINDA HAAG

                                     By:   /s/
                                           SCOTT D. JOINER
                                           Assistant United States Attorney

UNITED STATES' SENTENCING MEMORANDUM
CR 15-00231 CRB                              4